**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff-Respondent,

                                                                **Criminal Case No. 08-20320**
v.                                              **Civil Case No. 09-13839**
                                                **Honorable Denise Page Hood**

**LUIS LONDONO-DAZA,**

    Defendant-Petitioner.

_____/

**ORDER SETTING EVIDENTIARY HEARING**
**and**
**ORDER APPOINTING FEDERAL DEFENDER'S OFFICE AS COUNSEL**

**I.**    **BACKGROUND**

On August 6, 2008, Defendant Louis Londono-Daza was charged in a Superseding Information, after signing a Waiver of Indictment, to one count of Possession with Intent to Distribute Controlled Substances (heroin), in violation of 21 U.S.C. § 841. Londono-Daza entered a plea of guilty pursuant to a Rule 11 Plea Agreement with the Government on August 6, 2008. (Doc. No. 13, Rule 11 Plea Agreement) The Court sentenced Londono-Daza to a 70 months term of imprisonment, followed by 48 months of supervised release. (Doc. No. 15, Judgment) No appeal was filed on behalf of Londono-Daza. On September 28, 2009, Londono-Daza filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Government filed a response to the motion and Londono-Daza filed a reply to the response.

**II.**    **ANALYSIS**

### A. Section 2255 Motions Standard

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). Section 2255(a) states that, "a prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional *magnitude* which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

### B. Sixth Amendment of the United States Constitution

Londono-Daza asserts that his counsel was ineffective because counsel failed to raise a safety valve issue at sentencing and counsel failed to file a notice of appeal from the Judgment.

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the

adversary process that renders the result unreliable.

*Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

Londono-Daza claims that his counsel failed to argue that he was entitled to a safety valve reduction. The Government responds that although the Rule 11 Plea Agreement did not calculate any safety valve adjustment, the safety valve issue was raised by the Probation Department, addressed at the sentencing hearing and rejected by the Court.

U.S.S.G. 2D1.1(b)(11) provides for a two level adjustment where a defendant meets the criteria set forth in subdivisions (1) to (5) of U.S.S.G. 5C1.2(a), commonly known as the "safety valve." During plea negotiations, the Government advised Londono-Daza's counsel that further debriefing might qualify Londono-Daza for a two level adjustment. However, counsel advised the Government Londono-Daza would not participate in any further debriefing. Londono-Daza thereafter entered a plea of guilty under Rule 11 without a downward adjustment for the safety valve. The Presentencing Report prepared by Probation recommended a safety-valve reduction. The Government objected to the recommendation noting that Londono-Daza had not cooperated fully with the Government by supplying information about Londono-Daza's source of supply or naming other individuals who were involved in the offense. The safety valve reduction was addressed at the sentencing hearing. The Court found that Londono-Daza was not entitled to a

safety valve reduction because Londono-Daza did not identify any other individuals involved in the offense. (11/20/2008 Sent. Tr. at 5) Londono-Daza requested application of the safety valve during his allocution which the Court denied.

The Court finds that Londono-Daza's counsel was not deficient since the safety valve issue was not offered by the Government in the Rule 11 Plea Agreement, but the issue was raised at the sentencing hearing and Londono-Daza provides no factual support that he was entitled to a safety valve reduction.

Londono-Daza further argues that his counsel was ineffective because he failed to file a Notice of Appeal from the Court's Judgment. At the sentencing hearing, the Court indicated that Londono-Daza had 10 days to file a Notice of Appeal but that the Government believed he had given up his right to appeal under the Rule 11 Plea Agreement. The Sixth Circuit has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not, even if a defendant waived his right to appeal in a Rule 11 Plea Agreement. *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998); *Carrion v. United States,* 2004 WL 1859346 (6th Cir. Aug. 17, 2004)(unpublished). An evidentiary hearing is required in order to determine whether Londono-Daza instructed his counsel to file a notice of appeal. *See, King v. United States,* 2006 WL 2927409 (6th Cir. Oct. 11, 2006) (unpublished). The Court will hold an evidentiary hearing on the issue of whether Londono-Daza's counsel was instructed to file a notice of appeal.

**III.    CONCLUSION**

For the reasons set forth above, the Court denies Londono-Daza's Section 2255 ineffective

- 4 -

assistance of counsel claim as to the safety valve issue. The Court will hold an evidentiary hearing on the ineffective assistance of counsel claim as to counsel's failure to file a notice of appeal as instructed by Londono-Daza. The Federal Defender's Office is appointed as counsel for Londono-Daza on this issue.

Accordingly,

IT IS ORDERED that an evidentiary hearing be held in this matter on Londono-Daza's ineffective assistance of counsel claim as to counsel's failure to file a notice of appeal as directed by Londono-Daza.

IT IS FURTHER ORDERED that the Federal Defender's Office is appointed as counsel for Londono-Daza.

IT IS FURTHER ORDERED that a scheduling conference be held in this matter between counsel for the Government and appointed counsel for Londono-Daza to discuss any discovery required and to set an evidentiary hearing date. The conference is scheduled for **Thursday, August 11, 2011, 3:30 p.m.**

                                              s/Denise Page Hood
                                              **United States District Judge**

**Dated: July 20, 2011**

**I hereby certify that a copy of the foregoing document was served upon Luis Londono-Daza #42771-039, P.O. Drawer 30, McRae, GA 31055 and  counsel of record on July 20, 2011, by**

**electronic and/or ordinary mail.**

              **s/LaShawn R. Saulsberry**
              **Case Manager**